# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-CV-01615-JHN-SSx | Date | June 14, 2010 |
|---|---|---|---|
| Title | GECCMC 2005-C1 Plummer Street Office Limited Partnership v. JPMorgan Chase Bank | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER TO SHOW CAUSE RE DISMISSAL and ORDER CONTINUING HEARING DATE   (In Chambers)

On March 4, 2010, Plaintiff filed this action in federal court on the basis of diversity jurisdiction.  On April 20, 2010, Plaintiff filed an amended complaint ("FAC").  However, for the reasons herein, it appears that complete diversity may be lacking.

Under 28 U.S.C. § 1332, the Court has original jurisdiction over civil actions where there is complete diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (requiring complete diversity of citizenship).  A party invoking diversity jurisdiction "should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

In this case, the FAC states that Plaintiff is a Delaware limited partnership qualified to do business in California, and Defendant is a national banking association, with its main office located in Ohio.  However, the FAC fails to specify the *citizenship* of Plaintiff and Defendant, and as such, fails to establish complete diversity.  To establish that there is a complete diversity of citizenship, Plaintiff bears the burden of proof to affirmatively allege the citizenship of the parties.  *See id.*  Until Plaintiff does so, diversity jurisdiction is lacking.

**Plaintiff is ORDERED TO SHOW CAUSE, no later than June 16, 2010 at noon, as to why this case should not be dismissed for lack of jurisdiction.**  The matter will be deemed submitted once the Court receives Plaintiff's response.  A hearing will be scheduled if the Court deems necessary.

**Hearing on Defendant's pending Motion to Dismiss Case (Docket No. 13) is hereby continued from June 28, 2010 to July 12, 2010 at 9:30 a.m.**

IT IS SO ORDERED.

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |