KATHLEEN A. WATERS, SBN 194892
kwaters@morganlewis.com
BRIAN M. JAZAERI, SBN 221144
bjazaeri@morganlewis.com
LISA R. VEASMAN, SBN 259050
lveasman@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GECCMC 2005-C1 PLUMMER STREET OFFICE LIMITED PARTNERSHIP, a Delaware limited partnership,<br><br>           Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, National Association,<br><br>           Defendant. | Case No. CV 10-01615-JHN (SHx)<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Hon.     Jacqueline H. Nguyen<br>Date:    July 12, 2010<br>Time:   9:30 a.m.<br>Courtroom: 790 |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/64994545.1

JPMORGAN CHASE'S OPPOSITION TO
PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF PLAINTIFF'S OPPOSITION

## I. INTRODUCTION

Defendant JP Morgan Chase Bank, National Association ("JPMC") respectfully submits this Opposition to Plaintiff GE Capital Commercial Mortgage Corporation, GECCMC 2005-C1 Plummer Street Office Limited Partnership's ("GE's or "Plaintiff's") Request for Judicial Notice in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint (the "Request").

## II. DOCUMENTS NOT PROPER FOR JUDICIAL NOTICE

GE requests that this Court take judicial notice of several documents. As discussed below, GE's request with respect to the following items should be denied:

1. The Opening Statement of Senator Carl Levin (D-Mich) Before the U.S. Senate Permanent Subcommittee on Investigations, *Wall Street and The Financial Crisis: The Role of Bank Regulators*, April 16, 2010 (Exhibit "5" to GE's Request);

2. The Federal Deposit Insurance Corporation ("FDIC") 2009 Annual Performance Plan, Receivership Management Program, available on the FDIC's website (Exhibit "7" to GE's Request);

3. FDIC, *Managing the Crisis: The FDIC and RTC Experience*, (1998), available on the FDIC's website (Exhibit "8" to GE's Request); and

4. Washington Mutual Bank's ("WaMu") Receivership Balance Sheet Summary (Unaudited), revised 5/24/2010, available on the FDIC's website (Exhibit "9" to GE's Request).

## III. DISCUSSION

GE seeks to have this Court take judicial notice of documents for the improper purpose of establishing the truth of the matters asserted therein, despite its representation that it was requesting the Court to take judicial notice of the "existence and legal effect of [these] document[s]." GE's Request, 4:2-6, 4:11-20.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/64994545.1

1

JPMORGAN CHASE'S OPPOSITION TO
PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF PLAINTIFF'S OPPOSITION

1  GE goes beyond merely asking the court to take notice of the "existence and legal
2  effect" by setting forth specific facts from Senate hearings regarding the financial
3  crisis as a whole or in information available on the FDIC's website regarding the
4  FDIC's general role as a receiver. This request extends far beyond simply asking
5  the Court to recognize "the existence" of these documents or any possible "legal
6  effect" they may have, if any, and is therefore improper.
7       Specifically, GE submits the Opening Statement of Senator Carl Levin
8  Before the H.S. Senate Permanent Subcommittee on Investigations, *Wall Street and*
9  *The Financial Crisis: The Role of Bank Regulators*, and quotes specific facts in its
10  Opposition regarding the relationship between and the practices of the banks and
11  the regulators. *See* GE's Opp., 19:16-20:11. Additionally, GE requests this Court
12  to take judicial notice of general information on the FDIC's website regarding its
13  Receivership Management Program and an article by the FDIC to explain that the
14  "FDIC has a duty to maximize recovery to the receivership estate." Opp., 21:12-13.
15  Lastly, GE presents what is purported to be the WaMu – Receivership Balance
16  Sheet Summary to introduce facts that "other creditors of the failed institution are
17  damaged by the dilution of their claims." Opp., 22 n.24. In its Opposition, GE
18  quotes information or sets forth specific information from each of these documents,
19  thereby requesting the Court to take judicial notice of the facts set forth in the
20  quoted or summarized material. This request far exceeds the matters of which this
21  Court can legally take judicial notice in accordance with the Federal Rules of
22  Evidence.
23      **A.** **The Court Should Not Take Judicial Notice of Documents**
24           **Containing Facts Whose Accuracy Is Subject to "Reasonable**
25           **Dispute."**
26      Federal Rule of Evidence 201(b) only permits judicial notice of a fact "*not*
27  *subject to reasonable dispute* in that it is either (1) generally known within the
28  territorial jurisdiction of the trial court or (2) capable of accurate and ready

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/64994545.1

2

JPMORGAN CHASE'S OPPOSITION TO
PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF PLAINTIFF'S OPPOSITION

1 determination by resort to sources whose accuracy cannot reasonably be
2 questioned." *Id.* (emphasis added).  Thus, where the purported "facts" are subject
3 to reasonable dispute, judicial notice is inappropriate.  *See, e.g., Freedom from*
4 *Religion Found, Inc. v. Geithner,* No. Civ. 2:09-2894 WBS DAD, 2010 U.S. Dist.
5 LEXIS 50413, at * 22 n.5 (E.D. Cal. May 21, 2010) (refusing to take judicial notice
6 of articles "offered for the truth of the matters asserted"); *Casteneda v. Saxon*
7 *Mortgage Servs. Inc.*, 687 F. Supp. 2d 1191, 1196 (E.D. Cal. 2009) (refusing to
8 take judicial notice of article that "expresses opinions of the author that may
9 reasonably be questioned").

10 Here, GE has provided no evidence or legal support as to why this Court may
11 take judicial notice of the documents attached as Exhibits 5, 7, 8, and 9 to its
12 Request for Judicial Notice, except for simply stating that they are public records.
13 *See* GE's Request, 3:10-4:20.  Not all public records, however, are the proper
14 subject of judicial notice.  *See* Fed. R. Evid. 201(b) (noting that the facts within the
15 public records must "not be subject to reasonable dispute" and capable of being
16 determined as accurate by unquestionable sources).

17 The facts set forth in Senator Carl Levin's statement are not proper for
18 judicial notice, as they are just that—facts from a statement of his thoughts and
19 reflections on the hearing.  As such, the facts from the Senator's statement are not
20 information "whose accuracy cannot reasonably be questioned," and they likely are
21 "subject to reasonable dispute" because they are his thoughts and reflections. *See*
22 Fed. R. Evid. 201(b); *see Koohi v. United States*, 976 F.2d 1328, 1330 n.1 (9th Cir.
23 1992)(taking judicial notice of basic events that are a matter of historical record,
24 supported by documents in the record, and beyond reasonable dispute, but ***rejecting***
25 the United States' request for judicial notice of a report of the former Secretary of
26 Defense on Security Arrangements).  Senator Carl Levin's statement, attached as
27 Exhibit 5 to GE's Request for Judicial Notice, therefore, is improper for judicial
28 notice, and the Court should deny GE's request to take judicial notice of this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/64994545.1

3

JPMORGAN CHASE'S OPPOSITION TO
PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF PLAINTIFF'S OPPOSITION

1 document.

### B. The Court Should Not Take Judicial Notice of Documents Containing Facts Which Are Not Relevant to GE's Claims.

The Court should also deny GE's Request for Judicial notice of Exhibits 5, 7, 8 and 9, because "[a] court may deny a request for judicial notice if it is irrelevant to the issues before the court." *Nolan v. City of L.A.*, 2009 U.S. Dist. LEXIS 70764, at *69 (C.D. Cal. May 5, 2009).

Aside from the lack of evidence and authority in support of GE's requests, the very facts that GE request that this Court take judicial notice of—i.e., that the FDIC was closely connected with the banks and had the ultimate responsibility to ensure that the FDIC recovers the maximum amount possible for any failed bank's creditors—provide general information that does not explain the FDIC's role with respect to the receivership for WaMu specifically. Further, the facts set forth within these documents are irrelevant to GE's claims made in its Amended Complaint, which center around its attempt to enforce the Purchase and Assumption Agreement between JPMC and the FDIC, a contract to which it is not a party. GE has failed to demonstrate that the facts in these documents have any relevance to its claims that it has standing to enforce the Purchase and Assumption Agreement between JPMC and the FDIC. Thus, because these documents are at best tangential, if not wholly irrelevant, to the matters alleged in GE's Amended Complaint, judicial notice is inappropriate. *See, e.g., Meador v. Pleasant Valley State Prison*, 312 F. App'x 954, 956 (9th Cir. 2009) ("judicial notice is inappropriate where the facts to be noticed are irrelevant"); *Turnacliff v. Westly*, 546 F.3d 1113, 1120 n.4 (9th Cir. 2008) (same); *Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 975-976 (9th Cir. 2006) (refusing to take judicial notice of facts in a document not in the record because they were unnecessary to the claims in that action).

///

///

## IV. CONCLUSION

For all of the foregoing reasons, GE's request for this Court to take judicial notice of Exhibits 5, 7, 8 and 9 of its Request for Judicial Notice should be denied.

Dated: June 28, 2010                                MORGAN, LEWIS & BOCKIUS LLP


By  /s/Kathleen A. Waters
Kathleen A. Waters
Brian M. Jazaeri
Lisa R. Veasman
*Attorneys for Defendant*
*JPMorgan Chase Bank, National*
*Association*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/64994545.1

5

JPMORGAN CHASE'S OPPOSITION TO
PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF PLAINTIFF'S OPPOSITION